UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MICHAEL HENDERSON,                                Case No. 23-CV-2250 (PJS/TNL)

          Petitioner,

v.                                                                              ORDER

B. EISCHEN,

          Respondent.

Petitioner Michael Henderson initiated this habeas corpus proceeding in July 2023. At the time, Henderson had been an inmate at the Federal Prison Camp in Duluth, Minnesota ("FPC-Duluth"). Henderson believed that officials at FPC-Duluth had failed to properly calculate the time credits owed to him under the First Step Act for having participated in "evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A). The government was ordered to respond to the petition and, after review of the parties' arguments, Judge Wilhelmina M. Wright denied the habeas petition. The matter was reassigned to the undersigned following Judge Wright's retirement.

Three weeks after judgment had been entered, Henderson filed a "supplement motion" in this matter. *See* ECF No. 14. In the motion, Henderson states that he has been transferred to the Federal Correctional Institution in Ashland, Kentucky ("FCI-

Ashland"); that, under the First Step Act and the Second Chance Act of 2007, he is entitled to immediate transfer to prerelease custody; and that officials at FCI-Ashland have refused to place him on prerelease custody. Henderson asks in his motion that the Court instruct the Federal Bureau of Prisons to correct its putative mistakes.

Henderson is seeking relief in the wrong place. His motion does not contend that the judgment in this matter was entered wrongly—for example, that there was "a clerical mistake or a mistake arising from oversight or omission" in the judgment, Fed. R. Civ. P. 60(a), or that the judgment was the product of "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), or that any other circumstance applies that would permit the Court to revisit the judgment in this matter. Instead, Henderson is attempting to assert an entirely new claim for habeas corpus relief. But the appropriate procedural vehicle for Henderson to bring this claim is through a new habeas petition, not through a post-judgment motion in this concluded action.

Nor can the Court simply interpret the motion as a habeas petition and direct the Clerk of Court to initiate a new habeas proceeding on Henderson's behalf. Henderson is no longer in Minnesota. Neither is his current immediate custodian (the warden of FCI-Ashland), who would be the appropriate respondent to any habeas action now brought by Henderson. "[T]he proper venue for filing a § 2241 petition is the district in which the prisoner is confined." *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009).

If Henderson believes that a new habeas claim has become available to him, then he will need to assert that habeas claim in Kentucky, not in this District.  The motion is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that the motion of petitioner Michael Henderson [ECF No. 14] is DENIED.

Dated: February 22, 2024

s/Patrick J. Schiltz_____
Patrick J. Schiltz, Chief Judge
United States District Court