UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MICHAEL HENDERSON,

Petitioner,

v.

B. EISCHEN,

Respondent.

Case No. 23-CV-2250 (PJS/TNL)

ORDER

Petitioner Michael Henderson, pro se.

Adam J. Hoskins and Ana H. Voss, UNITED STATES ATTORNEY'S OFFICE, for respondent B. Eischen.

Petitioner Michael Henderson, a federal prisoner, commenced this action by filing a petition for a writ of habeas corpus alleging that the Federal Bureau of Prisons ("BOP") had miscalculated the number of earned time credits that he was owed under the First Step Act of 2018 ("FSA"). The habeas petition was denied by Judge Wilhelmina M. Wright, to whom this matter had previously been assigned. Judge Wright concluded that, whatever the strength of Henderson's arguments regarding how time credits should be calculated under the FSA, the BOP's interpretation of the statute and the BOP's subsequent calculation of Henderson's sentence was reasonable

and therefore "entitled to strong deference under *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984)."  ECF No. 12 at 3.

About five months after Judge Wright denied Henderson's habeas petition, the Supreme Court of the United States overruled *Chevron*.  *See Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244 (2024).  Shortly thereafter, Henderson filed a motion for relief from the judgment in this matter pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  Judge Wright having retired in the meantime, this matter was reassigned to the undersigned.

Henderson's argument regarding why the judgment in this matter should be vacated is, on its face, a reasonable one: Judge Wright relied entirely on *Chevron* when denying Henderson's habeas petition, but *Chevron* is no longer good law.  Accordingly, the Court appointed counsel on behalf of Henderson to assist in further developing his argument.  *See* ECF No. 21.  The Court also set a briefing schedule on Henderson's Rule 60(b) motion.  *See* ECF No. 28.  That briefing schedule afforded Henderson an opportunity to file a reply to any response submitted by the government to his Rule 60(b) motion.

Consistent with the briefing schedule, the government filed a response to the Rule 60(b) motion on September 25, 2024.  *See* ECF No. 29.  Henderson, however, refused representation by appointed counsel, *see* ECF No. 26, and he has failed to

submit a reply to the government's response. The deadline for Henderson to file a reply has now passed.

The government presents two arguments regarding why Henderson's Rule 60(b) motion should be denied. First, according to the government, the BOP's interpretation of how Henderson's FSA time credits should be calculated is not only *reasonable* (as Judge Wright had concluded) but *correct*. Thus, says the government, Henderson's habeas petition would be denied on the merits even following the demise of *Chevron*. Second, the government contends that the Court would now lack jurisdiction over Henderson's habeas petition, because any additional FSA time credits to which he might be entitled could only be applied towards accelerating the date on which Henderson is eligible for placement in prerelease custody, not towards shortening Henderson's overall custodial term.

The Court need not address the government's argument regarding the merits because the government's argument regarding jurisdiction is correct. In other words, if the Court granted Henderson's Rule 60(b) motion and reopened this case, the Court would just have to dismiss Henderson's habeas petition for lack of jurisdiction.

Federal prisoners who participate in "evidence-based recidivism reduction programs" while in the custody of the BOP may earn up to fifteen days per month in time credits under the FSA. Up to 365 days' worth of those time credits may be applied towards the prisoner's overall sentence. *See* 18 U.S.C. § 3624(g)(3). Any additional time

credits may be used only to move up the date on which a prisoner is eligible to be placed in prerelease custody, such as in home confinement or a residential reentry center. *See* 18 U.S.C. § 3632(d)(4)(C).

FSA time credits, then, may be used to shorten a prisoner's overall term of custody—but only up to a point. After a prisoner has earned and applied 365 days of FSA time credits, the only benefit that the prisoner can procure from earning further FSA time credits is eligibility for sooner placement in a residential reentry center or home confinement. A prisoner in one of these forms of prerelease custody is still in the custody of the BOP; he is simply serving that term of custody somewhere other than a prison.

The problem for Henderson is that a habeas petition can be used only to attack the fact or duration of custody itself (as opposed to the conditions in which that custody is served). "When a prisoner is not challenging either the fact or the duration of his confinement, habeas is not the proper remedy, and the court lacks jurisdiction over his claims." *Johnson v. Birkholz*, No. 21-CV-2017 (PJS/LIB), 2022 WL 3135304, at *1 (D. Minn. Aug. 5, 2022).

The record is clear that 365 days of FSA time credits—the maximum permitted by statute—have already been applied towards Henderson's overall sentence. *See* Declaration of Jake Bush Ex. A [ECF No. 30-1] at 1. The only benefit that Henderson could now obtain from being awarded additional FSA time credits would be sooner

4

placement in prerelease custody—that is, a change in his *conditions* of confinement, not a change in the *fact* or *duration* of confinement.  A habeas petition cannot be used to pursue such a claim.  *See, e.g.*, *Sharma v. Eischen*, No. 24-CV-2619 (JWB/DJF), 2024 WL 4190884, at *3 (D. Minn. Aug. 28, 2024), *R&R adopted in part*, 2024 WL 4190071 (D. Minn. Sept. 13, 2024); *Fongers v. Garrett*, No. 2:24-CV-0046 (LPR/PSH), 2024 WL 3625237, at *2 (E.D. Ark. Aug. 1, 2024); *Young v. Eischen*, No. 23-CV-3227 (PJS/JFD), 2024 WL 418702, at *3 (D. Minn. Jan. 3, 2024), *R&R adopted*, 2024 WL 416445 (D. Minn. Feb. 5, 2024).

Consequently, Henderson's habeas petition would be unsuccessful—albeit for different reasons—if the judgment in this matter were vacated.[1]  The motion for relief under Rule 60(b) is therefore denied.

---

[1] There is reason to believe that, when it was filed in July 2023, Henderson's habeas petition presented a cognizable claim for relief over which the Court had jurisdiction. According to the BOP's calculations, Henderson had earned only 225 days of FSA time credits as of August 28, 2023.  *See* Declaration of Kyja Winger Ex. A [ECF No. 7-1] at 2. If Henderson were entitled at that time to additional FSA time credits, then those time credits could have been applied towards reducing his overall sentence.  In the meantime, however, Henderson has remained enrolled in recidivism-reduction programming and has earned—even on the BOP's calculations—all of the 365 days of FSA time credits that could possibly be applied towards shortening his custodial term. Thus, even if the Court had jurisdiction over the habeas petition when it was filed, the Court does not have jurisdiction over the habeas petition now.

5

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED that the motion of petitioner Michael Henderson for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure [ECF No. 20] is DENIED.

Dated: November 5, 2024

                                              _____
                                              Patrick J. Schiltz, Chief Judge
                                              United States District Court